IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF GEORGIA, <br> *ex rel.* ANTHONY ANDERSON, <br><br>        Plaintiff, <br><br> v. <br><br> MORIARTY CONSULTANTS, INC.; <br> MORIARTY CONSULTANTS FMS, INC.; <br> MORIARTY CERTIFIED HOME HEALTH, INC.; <br> MORIARTY CERTIFIED HOME HEALTH CARE; MORIARTY, LLC; ACTIVITY DAILY LIVING SERVICES, INC., a/k/a "ADL"; <br> COORDINATION CARE, INC., a/k/a "CCI"; <br> ARLINDA MORIARTY; DAYNELLE DICKENS; and CHELSEA BROWN, <br><br>        Defendants. | CIVIL ACTION NO. 15-1527 <br><br> MAGISTRATE JUDGE <br> KEZIA O. L. TAYLOR <br><br> *(Electronic Filing)* |

**JOINT MOTION FOR VOLUNTARY DISMISSAL**

NOW COME Plaintiffs, the United States of America (the "United States"), the State of Georgia ("Georgia"), and the Relator, Donna Foreman Ladd ("Relator"), and move to voluntarily dismiss this matter, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

1.  On November 24, 2015, Relator initiated this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. In his Complaint of that date, Relator asserted that the Defendants violated the False Claims Act by submitting, or causing to be submitted, false claims to the United States. Specifically, the Complaint alleges that Defendants engaged in various fraudulent schemes to bill federal health care benefits programs for home health care and related

serves that were never provided. Defendants' alleged conduct spanned six (6) or more years and involved multiple schemes, companies, and individuals. (*See generally*, Relator's Complaint).

2. At or about the same time, the United States initiated separate, criminal proceedings against multiple Defendants in relation to the same or similar alleged activities.

3. On May 27, 2022, Defendant Arlinda Moriarty pled guilty to four counts of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Health Care Fraud, in violation of 18 U.S.C. § 1347 & 2 (Count 2); Concealment of Material Facts Related to Health Care Matter, in violation of 18 U.S.C. § 1035(a)(1) & 2 (Count 3); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1035A & 2 (Count 4). (*See* Criminal Judgment, *United States v. Moriarty*, (W.D. Pa.) Case No. 2:18-cr-315, Dkt. 721).

4. On September 28, 2022, the Court sentenced Defendant Arlinda Moriarty to incarceration of eighty-four (84) months and ordered her to pay a $400.00 special assessment and restitution totaling $8,700,000.00.

5. On September 11, 2023, after completing its investigation of Relator's FCA allegations, the United States declined to intervene in this matter.

6. On May 2, 2025, this Court ordered the Complaint be unsealed and served upon the Defendants by the Relator and lifted the seal for filed pleadings after the date of the Order. (ECF No. 57).

7. At this time, the United States – in order to preserve its resources, in lieu of the above-referenced criminal proceedings and judgment, and the incarceration of Defendant Arlinda Moriarty – moves to voluntarily dismiss this matter. *See* 31 U.S.C. § 3730(c)(2)(A); *see also Swift v. United States*, 318 F.3d 250, 251 (D.C. Cir. 2003) (dismissing FCA complaint because amount of money involved did not justify the expense of litigation even if the allegations could be

proven); *United States ex rel. Levine v. Avnet, Inc.*, No. 2:14-cv-17-WOB-CJS, 2015 WL 42359 (E.D. Ky. Apr. 1, 2015) (holding that dismissal of *qui tam* complaint "will further [the United States's] interest in preserving scarce resources" that would otherwise be spent "monitoring [relator's] action").

8. Counsel with the Attorney General's Office of Georgia, though not a signatory to this Stipulation, has averred to the undersigned counsel of the United States that Georgia acknowledges it was named as a co-Plaintiff in the *qui tam* Complaint and consents to the dismissal of the above civil action, with prejudice, as to all claims set forth in that Complaint.

9. In accordance with this Court's Practices and Procedures, the undersigned Counsel certifies that she discussed this Motion with Relator's Counsel and stated that Counsel consents to the Motion. The undersigned Counsel did not attempt to discuss this Motion with Defendants as no Complaint was served on any Defendant, and as such, no attorney has appeared on any Defendants' behalf in this matter.

WHEREFORE, the United States respectfully requests that this Court grant its Joint Motion for Voluntary Dismissal pursuant to 31 U.S.C. § 3730(c)(2)(A) and enter the attached proposed Order dismissing this action, with prejudice, after first affording Relator an opportunity for a hearing on the Motion.

Dated:  May 12, 2025                                  Respectfully submitted,

                                                      TROY RIVETTI
                                                      Acting United States Attorney


                                                      */s/ April L. Cressler*
                                                      APRIL L. CRESSLER (PA 308353)
                                                      Assistant United States Attorney
                                                      Western District of Pennsylvania
                                                      Joseph F. Weis, Jr. U.S. Courthouse
                                                      700 Grant Street, Suite 4000
                                                      Pittsburgh, PA 15219
                                                      Tel.:   (412) 894-7451
                                                      Fax:    (412) 644-6995
                                                      Email:  april.cressler@usdoj.gov